IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN NATHANIEL PRICE           :

    v.                                 :   Civil Action No. DKC 14-2369
                                           Criminal Case No. DKC 09-0397

UNITED STATES OF AMERICA           :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion filed by Petitioner Jonathan Nathaniel Price ("Petitioner") to correct his sentence under 28 U.S.C. § 2255 (ECF No. 63). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to correct sentence will be denied.

**I. Background**

On July 20, 2009, a grand jury in the District Court of Maryland returned an indictment charging Petitioner with one count of possession of a firearm by a convicted felon on June 4, 2009 in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1). The Government filed a superseding information on December 2, 2009, adding an additional count of possession of a firearm by a convicted felon on July 15, 2009. (ECF No. 26). Petitioner waived indictment on December 4, 2009, and the court held a guilty plea hearing. (ECF No. 30). Petitioner pled guilty to

both counts of the superseding information pursuant to a written plea agreement. (ECF No. 48-1, at 1). At sentencing on May 3, 2010, the court adopted the presentence report which found that Petitioner's conviction of robbery with a deadly weapon qualified as a "crime of violence" under U.S.S.G. § 4B1.2(a). Petitioner was sentenced to a total term of imprisonment of 132 months - consisting of 120 months on count one of the superseding information and a consecutive term of twelve (12) months on count two – to be followed by three (3) years of supervised release. (ECF No. 42). Petitioner did not appeal.

Petitioner filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on May 2, 2011 (ECF No. 46) which was denied on February 23, 2015 (ECF Nos. 57 and 58).

In 2015, the Supreme Court in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. The Office of the Federal Public Defender then filed the instant motion on behalf of Petitioner under 28 U.S.C. § 2255, arguing that because the "career offender" provision in the Sentencing Guidelines includes the identical residual clause as that struck down in *Johnson*, it is also void for vagueness. (ECF No. 60). The United States Court of Appeals for the Fourth Circuit granted

authorization for Petitioner to file a second or successive petition on June 27, 2016. (ECF No. 62).

In 2017, however, the Supreme Court held in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), that the advisory guidelines were not subject to *Johnson* challenges. Subsequent to that decision, the Federal Public Defender informed Petitioner that in light of *Beckles*, it would no longer be able to represent him. On September 25, 2017, the Federal Public Defender filed a motion to withdraw as counsel (ECF No. 63), which this court granted (ECF No. 64).

## II. Analysis

Petitioner's only claim is that under *Johnson*, the residual clause that this court applied at sentencing is void for vagueness. If correct, the court would then have to determine whether Petitioner's robbery conviction qualifies as a "crime of violence" under the remaining "enumerated offenses" clause or "force" clause of U.S.S.G. § 4B1.2(a).

As the Federal Public Defender stated in its motion to withdraw as counsel, in light of *Beckles* this argument is without merit. As the *Beckles* court stated, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 897. For this reason,

Petitioner's pending motion to vacate (ECF No. 63) will be denied.

**III. Conclusion**

For the foregoing reasons, the motion to correct sentence under 28 U.S.C. § 2255 filed by Petitioner will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2).

Upon review of the record, the court finds that Petitioner does not satisfy the above standards. Accordingly, the court will decline to issue a certificate of appealability.

A separate order will follow.

                                                                                    /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge